IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
PROGRESSIVE DIRECT          )
INSURANCE COMPANY,          )
                            )
     Plaintiff,            )
                            )      CIVIL ACTION NO.
     v.                     )       1:14cv712-MHT
                            )           (WO)
JUANITA MATHIS and          )
CHRISTOPHER L. HENDERSON,   )
                            )
     Defendants.           )
```

OPINION AND ORDER

This lawsuit is now before the court on plaintiff Progressive Direct Insurance Company's motion for default judgment against defendant Juanita Mathis. Because the motion does not comply with the requirements of the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. § 521, the court will deny the motion, albeit with leave to renew.

Section 521 of the SCRA provides:

"In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit--

> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service."

50 App. U.S.C. § 521 (b)(1).

An affidavit, in the sense of a notarized statement, is not strictly necessary under the terms of the SCRA.  See Black's Law Dictionary, 8th ed. (an affidavit is "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public").  A litigant may satisfy the affidavit requirement by filing "a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury."  50 App. U.S.C. § 521 (b)(4).

Progressive Direct has failed to meet the SCRA's requirements in two respects.  First, while Progressive Direct avers that, "[u]pon information and belief,"

Mathis is not a member of the United States military, the insurance company has not made any "showing [of] necessary facts to support" this claim. Second, the insurance company has not provided an affidavit or a "statement, declaration, verification, or certificate ... subscribed and certified or declared to be true under penalty of perjury." Instead, the insurance company merely states in its unverified motion that it does not believe Mathis to be a member of the armed forces. And while the insurance company submitted an affidavit in support of the motion, it does not touch on the military service issue.

***

Accordingly, it is ORDERED that plaintiff Progressive Direct Insurance Company's motion for default judgment (doc. no. 9) is denied with leave to renew.

DONE, this the 6th day of November, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE